# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TAXI CABVERTISING, INCORPORATED,
　　　　　*Plaintiff-Appellant,*

v.

CITY OF MYRTLE BEACH,
　　　　　*Defendant-Appellee.*

No. 01-1525

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Patrick Michael Duffy, District Judge.
(CA-00-1315)

Argued: December 6, 2001

Decided: January 9, 2002

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Douglas Michael Zayicek, BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A., Myrtle Beach, South Carolina, for Appellant. Charles Bernhart Jordan, Jr., VAN OSDELL, LESTER, HOWE & JORDAN, P.A., Myrtle Beach, South Carolina, for Appellee. **ON BRIEF:** Howell V. Bellamy, Jr., BELLAMY, RUTENBERG, COPELAND, EPPS, GRAVELY & BOWERS, P.A., Myrtle Beach, South Carolina, for Appellant.

Charles B. Jordan, Jr., VAN OSDELL, LESTER, HOWE & JOR-DAN, P.A., Myrtle Beach, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Taxi Cabvertising, Incorporated (Cabvertising) appeals a decision of the district court upholding a Myrtle Beach, South Carolina ordinance banning roof-mounted advertising signs on taxis. We affirm.

### I.

Cabvertising is in the business of placing roof-mounted advertisements on taxi cabs. The company operates in several cities in the Carolinas, including Myrtle Beach.

Myrtle Beach closely regulates displays on vehicles. Until 1996, no sign was permitted on any vehicle unless, *inter alia*, the sign was "painted upon or applied directly to an integral part of the vehicle." J.A. 48. The city relaxed this rule in 1996 by passing Ordinance 96-91, which allowed licensed taxis to "display one dual-faced, unlighted rectangular advertising sign." *Id.* at 156. After less than two years, however, the city council passed Ordinance 98-21, under which taxis were once again subjected to the general prohibition against protruding signs. One councilwoman supporting Ordinance 98-21 explained that she opposed roof-mounted signs because they "add[] to visual clutter." *Id.* at 122.*

---

*Another provision of the Myrtle Beach code limits signs to vehicles —other than buses—that are "actively used in the daily function of the business to which such signs relate." *Id.* at 49. Ordinance 96-91 allowed taxis to carry advertisements unrelated to their own businesses, but this authorization was withdrawn by Ordinance 98-21. Cabvertising, which only supplies roof-mounted signs, has not challenged this aspect of Ordinance 98-21.

The council provided that Ordinance 98-21 would not become effective for two years, in order to allow Cabvertising to fulfill its existing contracts. Before Ordinance 98-21 took effect (and after a repeal effort failed), Cabvertising sued to block implementation of the ordinance. Following discovery, the district court granted summary judgment in favor of Myrtle Beach. *See Taxi Cabvertising, Inc. v. City of Myrtle Beach*, No. 00-1315-23 (D.S.C. Mar. 20, 2001).

## II.

Cabvertising contends that Ordinance 98-21 (a) impairs free speech, in violation of the First Amendment; (b) denies Cabvertising equal protection of the laws, in violation of the Fourteenth Amendment; (c) deprives Cabvertising of vested rights under South Carolina law; and (d) restrains interstate commerce, in violation of the Commerce Clause. We affirm the decision of the district court holding to the contrary.

## A.

Cabvertising asserts that Ordinance 98-21 regulates speech in a public forum and therefore must face strict scrutiny under the First Amendment. While acknowledging that Ordinance 98-21 applies in public forums (the streets of Myrtle Beach), the district court rejected the application of strict scrutiny on the basis that Ordinance 98-21 is a time, place, and manner restriction ("TPM restriction") subject to intermediate scrutiny. This holding was correct, as demonstrated by the application of intermediate scrutiny to TPM restrictions affecting a public forum in *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).

To withstand a First Amendment challenge, a TPM restriction must be "justified without reference to the content of the regulated speech" and "narrowly tailored to serve a significant governmental interest," and it must "leave open ample alternative channels for communication of the information." *Id.* (internal quotation marks omitted). We affirm the decision of the district court holding that Ordinance 98-21 satisfies these requirements.

### B.

With respect to its equal protection claim, Cabvertising again asserts that strict scrutiny applies, on the basis that Ordinance 98-21 burdens free speech rights. In the context of equal protection challenges, however, courts generally reserve strict scrutiny for content-based speech restrictions. *See, e.g.*, *Jones Intercable of San Diego, Inc. v. City of Chula Vista*, 80 F.3d 320, 327 (9th Cir. 1996). Because Ordinance 98-21 is content-neutral, strict scrutiny does not apply. Instead, the ordinance is valid under the Equal Protection Clause if "the classification drawn by the [ordinance] is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 440 (1985). For the reasons stated by the district court, we find no equal protection violation.

### C.

In its third claim, Cabvertising asserts that Ordinance 98-21 impairs vested rights protected by South Carolina law. The district court rejected this claim on the ground that the vested rights doctrine invoked by Cabvertising applies only to land use regulations. We agree, again for the reasons stated by the district court.

### D.

Finally, we reject Cabvertising's Dormant Commerce Clause challenge to Ordinance 98-21. The ordinance "regulates evenhandedly and only indirectly affects interstate commerce," and it is therefore valid "unless the burdens on commerce are clearly excessive in relation to the putative local benefits." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 333 (4th Cir. 2001) (internal quotation marks omitted), *petition for cert. filed*, No. 01-808 (U.S. Oct. 30, 2001). For the reasons stated by the district court, we hold that Ordinance 98-21 does not unlawfully interfere with interstate commerce.

### III.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*